**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JESSE WILLIAMS and <br> JAMARRIUS MARIO WRIGHT, <br><br> Plaintiffs, <br><br> vs. <br><br> DENNY'S, INC., d/b/a/ <br> DENNY'S OF TOPEKA, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 06-4067-JAR <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. 15). The motion is fully briefed and the matter is ready for decision. Plaintiffs ,who are a father and son, claim discrimination in this case pursuant to U.S.C. § 1981, alleging that they entered defendant's restaurant to be waited on and served breakfast, but were denied service because of their race, African-American. Defendant moves for summary judgment on the basis that this action is barred by the statute of limitations; and alternatively, that defendant has articulated legitimate, nondiscriminatory reasons for the action taken. Plaintiffs move for an order modifying the Pretrial Order in their response memorandum. For the reasons described more fully below, the Court grants plaintiffs' motion to modify the Pretrial Order and denies defendant's motion for summary judgment.

**I.      Motion to Modify the Pretrial Order**

Plaintiffs filed their Complaint in this action on June 23, 2006. They named Denny's Inc.

as a party defendant, but the Denny's restaurant is actually owned and operated by Den-Tex Central, Inc.  Summons was issued on July 20, 2006 to Denny's Inc. dba Denny's of Topeka, and service was effected on October 20, 2006 by personal service "upon the Resident Agent Linda McBride."[1]  In an Answer filed on November 6, 2006, Denny's Inc., responded that it was not the proper party in interest and further identified the registered agent through whom plaintiff could effect service on Den-Tex Central, Inc.  Plaintiffs never amended their Complaint to name Den-Tex Central, Inc. as the defendant, and never effected service on Den-Tex Central Inc.

In their response to the motion for summary judgment, plaintiffs "seek leave to amend the Pretrial Order to correct the caption of the case, that is, misnomer of the defendant."  The Pretrial Order supersedes all pleadings and controls the subsequent course of the case.[2]  "When an issue is set forth in the pretrial order, it is not necessary to amend previously filed pleadings" because "the pretrial order is the controlling document for trial."[3]  The Tenth Circuit has recently explained that an attempt to add a new claim to the pretrial order is "the equivalent of asking leave to amend [the] complaint, and must be evaluated by the court under the standards set forth in Rule 15(a)."[4]

Under Rule 15(a), the court will generally deny leave to amend only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure

---

[1](Doc. 2.)

[2]*See* Fed. R. Civ. P. 16(e); D. Kan. Rule 16.2(c).

[3]*Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006); *Wilson v. Muckala*, 303 F.3d 1207, 1215 (10th Cir. 2002) (quoting *Expertise Inc., v. Aetna Fin. Co.*, 810 F.2d 968, 973 (10th Cir. 1987); Fed. R. Civ. P. 16(e)).

[4]*Smith v. Aztec Well Servicing Co*., 462 F.3d 1274, 1285 (10th Cir. 2006); *Minter*, 451 F.3d at 1204; *see Hunter v. The Buckle, Inc.*, 488 F. Supp. 2d 1157, 1170 (D. Kan. 2007).

deficiencies by amendments previously allowed, or futility of amendment.[5] Leave to amend is within the sound discretion of the Court and Rule 15(a) instructs that "leave [should] be freely given when justice so requires." The Court is mystified as to why plaintiffs only now seek to correct this error, when the Answer addressed the error and further advised plaintiffs as to whom they should serve the summons. Moreover, the error was addressed during the pretrial conference, as evidenced in the Pretrial Order. Nonetheless, the Court does not find any of the remaining factors present here, and further, finds no prejudice at all to the defendant. Accordingly, the Court finds plaintiffs' motion to amend, correcting the name of the defendant to Den-Tex Central, Inc., is warranted under Rule 15(a).

The Court also finds the modification warranted under Rule 16(e) of the Federal Rules of Civil Procedure, which states that a pretrial order "may be modified 'only to prevent manifest injustice.'"[6] "The party moving to amend the order bears the burden to prove the manifest injustice that would otherwise occur."[7] The decision to modify the pretrial order lies within the trial court's discretion.[8] In exercising that discretion, the court should consider the following factors: "(1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of the party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order."[9] In

---

[5] *Duncan v. Manager, Dept. of Safety, City & County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

[6] *Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1208 (10th Cir. 2002) (quoting Fed. R. Civ. P. 16(e)).

[7] *Id.* at 1208.

[8] *Id.*; *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000) (citation omitted).

[9] *Koch*, 203 F.3d at 1222 (citations omitted).

3

applying these factors, the paramount concern must be to assure "the full and fair litigation of claims."[10]  For the same reasons set forth above, the Court does not find that the modification would cause prejudice or surprise to Den-Tex, as it has been on notice for some time of the action and has participated in discovery and litigation.  The claims have remained the same; the only modification sought is to correct the name of the proper defendant in this matter.  Plaintiffs represent that the name "Denny's Inc." was recorded on the Secretary of State website by mistake, which caused it to name it as a defendant in the first instance.  Defendant does not dispute this and the Court finds this belies any notion that the plaintiffs seek to modify the pretrial order in bad faith.  Under either Rule 15(a) or Rule 16(e), the Court grants plaintiffs' motion to modify the Pretrial Order to substitute Den-Tex Central, Inc. as the defendant in this matter.

## II.     Motion for Summary Judgment

### A.     Standard

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[11]  A fact is only material under this standard if a dispute over it would affect the outcome of the suit.[12]  An issue is only genuine if it "is such that a reasonable jury could return a

---

[10] *Joseph Mfg. Co., Inc. v. Olympic Fire Corp.*, 986 F.2d 416, 420 (10th Cir. 1993).

[11] FED. R. CIV. P. 56(c).

[12] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

verdict for the nonmoving party."[13]  The inquiry essentially determines if there is a need for trial, or whether the evidence "is so one-sided that one party must prevail as a matter of law."[14]

The moving party bears the initial burden of providing the court with the basis for the motion and identifying those portions of the record that show the absence of a genuine issue of material fact.[15]  "A movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim."[16]  The burden may be met by showing that there is no evidence to support the nonmoving party's case.[17]  If this initial burden is met, the nonmovant must then "go beyond the pleadings and 'set forth specific facts' that would be admissible in evidence in the event of trial from which a rational trier of fact could find for the nonmovant."[18]  When examining the underlying facts of the case, the Court is cognizant that it may not make credibility determinations or weigh the evidence.[19]  Furthermore, the record is to be viewed in the light most favorable to the nonmoving party.[20]  Therefore, the Court will assume the nonmoving party's evidence to be true, determine all doubts in the nonmovant's favor, and draw all reasonable inferences in the nonmovant's favor.

### B.   Uncontroverted Facts

---

[13]*Id.*

[14]*Id.* at 251–52.

[15]*Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[16]*Thom v. Bristol-Myers Squibb Co.*, 353 F.3d 848, 851 (10th Cir. 2003) (citing *Celotex Corp.*, 477 U.S. at 325).

[17]*Id.*

[18]*Id.*

[19]*Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986).

[20]*Harrison v. Wahatoyas*, LLC, 253 F.3d 552, 557 (10th Cir. 2001).

The following facts are either uncontroverted, stipulated to, or viewed in the light most favorable to plaintiff. On June 26, 2004, plaintiffs, an African-American father and son, entered defendant's restaurant, a Denny's restaurant, at approximately 10:04 a.m. Plaintiffs were seated in less than one minute, and placed their orders.[21] At about 10:07 a.m., two Caucasian women entered the restaurant; they, too were seated in less than one minute, and placed their orders. At 10:20 a.m., these two women were served their food order. The plaintiffs had ordered a Grand Slam breakfast and an All American breakfast. On past occasions, plaintiff Jesse Williams had ordered either of these breakfasts and had been served within fifteen minutes. So after seeing the two women served at 10:20, plaintiff Jesse Williams asked the wait staff why he and his son had not yet been served, and he complained about the lack of service. But no one explained why they had not yet been served. Almost immediately upon having been seated, plaintiff had become aware of "an attitude towards me and my son by the Caucasian wait staff." Other Caucasian patrons in the restaurant at that time were served their food in fifteen minutes or less. Plaintiffs left the restaurant at 10:38 a.m., still not having been served.

**C.   Discussion**

*Statute of Limitations*

Defendant maintains that the Court need not reach the merits of plaintiffs' claim because it is barred by the two-year statute of limitations for claims under 42 U.S.C. § 1981.[22] Plaintiffs acknowledge that they mistakenly identified Denny's Inc. dba Denny's of Topeka, rather than Den-Tex Central, Inc. as the proper defendant. But plaintiffs argue that Den-Tex was on notice

---

[21]It is controverted how long after being seated plaintiffs orders were taken.

[22]*Lasley v. Hershey Foods*, 35 F. Supp. 2d 1319 (D. Kan.1999).

that it was the intended defendant, by virtue of the fact that it owns Denny's of Topeka. Plaintiffs maintain that Den-Tex Central was served within the requisite 120 days, although with the incorrect name. Therefore, plaintiffs urge that the Complaint against Den-Tex Central, Inc. relate back to the date that the Complaint was filed, which was within the two-year limitations period.

Although the Complaint was filed within two years, service was not effected on the proper party, Den-Tex Central, Inc., within two years. Service was effected on October 20, 2006, but on Denny's Inc., dba Denny's Restaurant, not on Den-Tex Central, Inc. Defendant nonetheless acknowledges that it in fact received notice of the action within 120 days of the Complaint having been filed, and that it is settled law in this jurisdiction that there is a 120 day period to effect service.[23] Before 1991, when Rule 15 was amended, a plaintiff had to file the action and serve the defendant within the limitations period.[24] But now,[25] Fed. R. Civ. P. 15(c)(3) provides that

> (c) An amendment of a pleading relates back to the date of the original pleading when . . .
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the foregoing provision (2)[26] is satisfied and, within the

---

[23]In a letter to the Court dated November 12, 2007, defendant states that it "wanted to advise the Court that defendant did receive notice within 120 days of the Complaint having been filed."

[24] The prior version of Rule 15(3) required notice to the new party within the statute of limitations, rather than within the time provided for service under Fed. R. Civ. P. 4(m). *See Alexander v. Beech Aircraft Corp.,* 952 F.2d 1215 (10th Cir. 1991).

[25]This is one of a number of rules that are subject to amendment, effective December 1, 2007.

[26] Subsection (2) requires that the claim or defense asserted in the amended pleading arise out of the same conduct, transaction or occurrence as that in the original complaint.

> period provided by Rule 4(m) for service of the summons and complaint the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

Thus, Rule 15(c)(3) only requires that plaintiff give the additional party notice within the 120 days provided for service of the original complaint.[27]

Rule 15(c)(3)'s requirements for relation back are thus met.  First, Den-Tex Central had notice within 120 days of the issuance of the summons on July 20, 2006.  Second,  Den-Tex Central, Inc. will not be prejudiced, for it has actively maintained a defense on the merits in this action, participating in the Scheduling Conference on December 11, 2006 (Doc. 4), serving interrogatories and requests for production on January 26, 2007 (Doc. 8), responding to plaintiffs' requests for production on March 28, 2007 (Doc. 10), taking both plaintiffs' depositions on May 4, 2007 (Docs. 11, 12), and participating in the pretrial conference (Doc. 14).  Finally, meeting the provision of Rule 15(c)(2) that is referenced in subsection (c)(3), there is no change in the claims or defenses, for plaintiffs' claim is based on the same conduct, transaction or occurrence as stated in the Complaint.

### *Merits of Section 1981 Claim*

Alternatively, defendant seeks summary judgment on the merits of this action.  Section 1981 "provides equal rights to make and enforce contracts and to the benefits of laws for the security of persons and property."[28]  A plaintiff can either prove discriminatory motive with direct evidence, or by establishing a prima facie case under the framework established in

---

[27]*See Maycher v. Muskogee Med. Ctr. Auxiliary*, 129 F.3d 131 (table), 1997 WL 698007, at *2 (10th Cir. Nov. 6, 1997).

[28]*Antonio v. Sygma Network, Inc.*, 458 F.3d 1177, 1181 (10th Cir. 2006).

*McDonnell Douglas Corp. v. Green,*[29] and *Texas Department of Community Affairs v. Burdine.*[30] Under this framework, plaintiff must first prove a prima facie case of race discrimination.[31] If plaintiff is able to sustain this burden, the burden of production shifts to defendants to "articulate a legitimate, nondiscriminatory reason for rejection."[32] If defendants sustain that burden, the burden of production shifts back to plaintiff to show that defendants' proffered reason for rejection is false, or merely a pretext, and the presumption of discrimination created by establishing a prima facie case "drops out of the picture."[33] Although the burden of production shifts back and forth between the parties, the ultimate burden of persuasion remains at all times with the plaintiff.[34]

Apparently conceding that plaintiff makes a prima facie case of discrimination under § 1981, defendant avers that it has articulated, and the uncontroverted facts show, a legitimate, non-discriminatory reasons for the action taken. But there are a number of controverted facts concerning whether the legitimate, non-discriminatory reason offered by defendant was a pretext for racial discrimination.

Defendant, through affiant Hassib Darweesh, states that plaintiffs' orders took longer than the orders of the two Caucasian women seated after them. Plaintiffs ordered a Grand Slam breakfast and an All American breakfast, items requiring cooking on the grill. The women

---

[29] 411 U.S. 792 (1973); *see Salguero v. City of Clovis*, 355 F.3d 1168, 1175 (10th Cir. 2004).

[30] 450 U.S. 248 (1981).

[31] *See Burdine*, 450 U.S. at 252–53; *McDonnell Douglas Corp.*, 411 U.S. at 802.

[32] *See McDonnell Douglas Corp.*, 411 U.S. at 802.

[33] *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000) (quoting *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 511 (1993)).

[34] *Burdine*, 450 U.S. at 253.

ordered biscuits and gravy, which are already prepared, not cooked to order.

But plaintiff Jesse Williams states that on numerous occasions in the past, he received Grand Slam or All American breakfast orders within fifteen minutes.  Jesse Williams also states that he observed, on the store's videotape, the two women receiving their order, and that it did not appear to be biscuits and gravy.  Plaintiffs offer up still other controverted facts that are relevant on the issue of pretext.  First, Jesse Williams states that he observed on the store's videotape other Caucasian patrons being served their orders in less than fifteen minutes.  Also, Jesse Williams states that the wait staff exhibited a negative attitude towards he and his son as soon as they were seated, and further, that they declined to explain, when asked, why plaintiffs had not yet received their orders.  These controverted facts concerning defendant's motive, legitimate or discriminatory, preclude summary judgment on the §1981 claim.

**IT IS THEREFORE ORDERED**, that defendant's Motion for Summary Judgment (Doc. 15) is **DENIED**.

**IT IS FURTHER ORDERED** , that the Pretrial Order (Doc. 14) is **amended** to reflect defendant's correct name, **Den-Tex Central, Inc.**

**IT IS SO ORDERED**.

Dated this 13th   day of November 2007.

                 S/ Julie A. Robinson
                Julie A. Robinson
                United States District Judge

Williams v. Denny's, Inc. dba Denny's of Topeka, 06-4067-JAR, Memorandum and Order.